# United States Court of Appeals for the Fifth Circuit

———————

No. 24-40701
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gilberto Almaraz-Muñiz,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:22-CR-900-1

———————————————————

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Gilberto Almaraz-Muñiz appeals his convictions for: (1) conspiracy to possess with intent to distribute one kilogram or more of heroin, 400 grams or more of fentanyl, and five kilograms or more of cocaine; (2) possession with intent to distribute more than one kilogram of heroin; (3) possession

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40701

with intent to distribute more than 400 grams of fentanyl; and (4) possession with intent to distribute more than 500 grams of cocaine.

Almaraz-Muñiz's sole argument on appeal is that the district court violated his Sixth Amendment Confrontation Clause rights by permitting a witness with a serious medical issue to testify remotely via a two-way Zoom video conference. We review this preserved confrontation challenge de novo. *See United States v. Kizzee*, 877 F.3d 650, 656 (5th Cir. 2017).

In light of the need to protect the medically-compromised witness and given that the district court ensured that the applicable technology was operative and afforded both parties a sufficient means to observe and question the witness, Almaraz-Muñiz has not demonstrated that the district court violated his confrontation rights by permitting the remote video testimony. *See Maryland v. Craig*, 497 U.S. 836, 844, 850 (1990); *Horn v. Quarterman*, 508 F.3d 306, 317-18 (5th Cir. 2007). Moreover, even if we assumed there was a confrontation error, it was harmless beyond a reasonable doubt. *See Kizzee*, 877 F.3d at 661-62.

The judgment of the district court is AFFIRMED.